UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:22-cv-23081-CMA

ANGEL HERNANDEZ, and other
similarly situated individuals,

        Plaintiff(s),

vs.

BUILDING TESTING SERVICES LLC
a/k/a BUILDING TESTING SERVICES
WORLDWIDE LLC, and MICHAEL
CURIALE,

        Defendants.
_____/

**JOINT MOTION AND MEMORANDUM OF LAW IN SUPPORT
OF REQUEST FOR APPROVAL OF SETTLEMENT**

The Parties, in compliance with the Court's Order Requiring Submission of Settlement Agreement for Court Approval (D.E. 31), hereby submit their Settlement Agreement and respectfully request that the Court approve the settlement reached among them following negotiations undertaken in this litigation. Plaintiff and Defendants respectfully submit the following Motion and incorporated Memorandum of Law regarding the settlement of the above-referenced case involving overtime pay under the Fair Labor Standards Act, 29 U.S.C. § 207(a) ("FLSA").

    A.    <u>The Court is Empowered to Approve the Settlement as Fair and Reasonable.</u>

In this case, Plaintiff and Defendant reviewed the payroll records and Plaintiff confirmed the amount owed to him based on the payroll records provided by Defendant. Defendant agreed to pay the amount claimed by Plaintiff based on the payroll records, therefore, there was no compromise of Plaintiff's claim. Plaintiff received the full relief that he sought, including 100%

of the wages allegedly owed and 100% of the liquidated damages sought. As such, this matter does not necessarily require Court approval as Plaintiff was offered and accepted full compensation. See MacKenzie v. Kindred Hospitals East, LLC, 276 F Supp. 2d 1211, 1217 (M.D. Fla. 2003)("Lynn's Food Stores addresses judicial oversight of 'compromises' of FLSA claims….Since the plaintiff has been offered full compensation on his claim, this case does not involve a compromise….[and] there is no need for judicial scrutiny").

Nevertheless, to the extent that the Court requires judicial approval of the settlement, the Parties respectfully request that the Court consider this settlement as "fair and reasonable." In one of the seminal cases on this issue, the Eleventh Circuit held that there are two ways that FLSA wage and hour related claims can be settled or compromised: The United States Department of Labor's supervision of the settlement or, in private party lawsuits such as is this one, the court's approval of the settlement after reviewing it for fairness. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982) (citing 29 U.S.C. § 216 (b) and (c)).  The purpose of this process is to ensure that a settlement resolving claimed violations of the FLSA is reached between parties of equal bargaining power.

In the context of FLSA cases where there is a dispute over liability or the degree of liability, to be considered "fair and reasonable," the settlement need not reflect recovery of every possible dollar that the Plaintiff would win if the Court were to rule in the Plaintiff's favor with respect to every possible claim. Instead, the settlement need only reflect a reasonable compromise of the Plaintiff's claims.

Settlements in cases in which private counsel is representing private parties are permitted as a compromise of the claims.  As the Court in Lynn's Food explained:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id. at 1354.

Indeed, the parties note that courts from other circuits have held that it is not necessary to even have the court review the settlement if it is between private parties and it involves a bona fide dispute concerning the validity of the claims. Martinez v. Bohls Bearing Equip. Co., 361 F. Supp. 2d 608, 631 (W.D. Tex. 2005). In Martinez, Judge Rodriguez thoroughly analyzed the case law regarding the settlement and compromise of FLSA claims. In doing so, he concluded that private party settlements, even without court approval, are permissible "where there is a bona fide dispute as to the amount of hours worked or compensation due." Id.

The parties cite Martinez simply to note that courts recognize that in FLSA cases there are likely to be reasonable disputes concerning the validity or breadth of the plaintiff's claims and reasonable compromises of these disputes are not only to be expected but are encouraged to avoid protracted and risky litigation. Recognition of such is what led the parties to in good faith resolve their dispute after negotiations.

      B.      <u>The Settlement is Fair and Reasonable in the Instant Case.</u>

           1.      *Plaintiff received payment for overtime wages allegedly due.*

This case presents a disputed claim for overtime compensation. The parties engaged in preliminary discovery and exchanged documents reflecting time worked by Plaintiff. Based on

3

this exchange, Plaintiff claims that he is owed $4,005.00 in unpaid overtime. Thus, if Plaintiff prevailed, he may have recovered $4,005.00 in alleged unpaid overtime and additional $4,005.00 in alleged liquidated damages, or a total of $8,010.00, plus attorney's fees and costs. As a result of this settlement, Plaintiff will receive $4,005.00 in alleged unpaid overtime and additional $4,005.00 in alleged liquidated damages, or a total of $8,010.00, plus attorney's fees and costs. See Exhibit 1, Settlement Agreement.

        2.     *The amount attributed to attorney's fees is reasonable.*

Finally, this Court should also approve the attorneys' fees and costs provision of the Agreement because the Parties complied with this Court's ruling in Bonetti v. Embarq. Mgmt. Co., 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), when determining fees and costs. In Bonetti, the court held that if the plaintiff's recovery and attorneys' fees were settled independently of the plaintiff's claims, which is precisely what was done here, there would be no need to file the attorneys' billing records unless the fees were out of line compared with the settlement agreement. Thus, the award of attorneys' fees and costs would no longer require approval using the lodestar approach. In this case, Plaintiffs' fees and costs were negotiated and settled independently of Plaintiffs' FLSA claims.

The amount attributed to attorney's fees was reasonable under the relevant lodestar factors. The lodestar is calculated using "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). The most important factor to be considered is the result obtained. Id. at 436. See Pereira v. Phoenix Upholstering & Refinishing, Inc., 2009 WL 4855523 at *2 (M.D. Fla. December 10, 2009) (discussing the importance of the result obtained and approving a request for attorney's fees where plaintiff did not receive a full recovery of alleged damages). In the case at bar, Plaintiff received

a recovery that included payment for all alleged overtime wages due to Plaintiff and all liquidated damages.

Other relevant factors in the lodestar determination include the hourly rate charged by Plaintiff's attorney and the amount of time spent on the matter. Defendants have agreed to pay Plaintiff's attorney $7,600.00 in attorney's fees and $652.00 in costs. See Exhibit 1. Plaintiff's counsel spent approximately 16.9 hours for attorney time and 17.55 hours for paralegal's time on this matter at an hourly rate of $400.00 per hour for attorney time and $75.00 for paralegal's time, and incurred costs of approximately $652.00. [1] A copy of Plaintiff's counsel billing records is attached hereto as Exhibit 2 in case the Court would like to review those records.

The amount of Plaintiff's attorney's fees was agreed upon separately and without regard to the amount paid to settle Plaintiff's claims. In fact, Plaintiff is being paid in full and his claim was not compromised. Plaintiff's counsel is not being paid a contingency fee and/or percentage of Plaintiff's recovery. The settlement is fair and reasonable under the lodestar factors and because Plaintiff will receive full payment for the alleged overtime wages due and liquidated damages.

Accordingly, the parties request that the Court approve the settlement and enter an Order dismissing this case with prejudice.

Respectfully submitted this 29 day of December, 2022.

---

[1] Plaintiff counsel reduced the attorney's fees in order to facilitate the settlement.

| | |
|---|---|
| **/s/ Julisse Jimenez**<br>Julisse Jimenez, Esq.<br>E-mail: julisse@saenzanderson.com<br>Florida Bar No.: 65387<br>R. Martin Saenz, Esq.<br>E-mail: msaenz@saenzanderson.com<br>Florida Bar No.: 0640166<br>Saenz & Anderson, PLLC<br>20900 NE 30th Avenue, Ste. 800<br>Aventura, Florida 33180<br>Telephone: (305) 503-5131<br>Facsimile: (888) 270-5549<br>Counsel for Plaintiff | **/s/ Todd W. Shulby**<br>Todd W. Shulby, Esq.<br>Todd W. Shulby, P.A.<br>1792 Bell Tower Lane<br>Weston, Florida 33326<br>Telephone: (954) 530-2236<br>Facsimile:(954) 530-6628<br>Florida Bar No.: 068365<br>E-mail: tshulby@shulbylaw.com<br>Counsel for Defendants |